FILED

January 5, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH SESSION, 1993


STATE OF TENNESSEE,        )
                           )     No. 01C01-9209-CC-00290
     Appellee              )
                           )     Lincoln County
v.                         )                              )
     Hon. William Charles Lee, Judge
CARLA JO FITCH,            )
                           )     (First-Degree Murder)
     Appellant             )



CONCURRING OPINION


        I concur with Judge Cornelius' reversal of this case, but write separately to address other issues.


        First, I agree with the grounds upon which the court has reversed and remanded this case.  The trial judge's statement indicates either a dissatisfaction with the jury's verdict or a misunderstanding of his authority to act as thirteenth juror.  An appellate court must grant a new trial under both circumstances.  Helton v. State, 547 S.W.2d 564, 566 (Tenn. 1977); State v. Andrew Lee Moats, No. 03C01-9302-CR-00038 (Tenn. Crim. App., Knoxville, May 2, 1994), perm. to appeal granted, (Tenn. 1994).


        Secondly, because this case will be retried and because of our obligation to the litigants and the administration of justice, I note other egregious errors in this record.

1

The evidence of premeditation and deliberation in this record is entirely circumstantial, consisting mainly of proof relative to defendant's affair and planned divorce. In order for circumstantial evidence alone to sufficiently establish a requisite element, the facts and circumstances must be such that the "jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." State v. Crawford, 470 S.W.2d 610, 613 (Tenn. 1971).

The state's theory is that defendant murdered her husband to assure she would get custody of her children or to collect his life insurance proceeds. These inferences are not sustained by the proof.

Both defendant and her husband were dedicated to the children. Nothing in the record suggests that defendant had any reason to fear that she would be denied custody. Further, neither defendant nor her lover had financial concerns. Defendant had a good job with prospects of better employment after she finished college.

More importantly, the state's expert detailed the methods by which this gun could have fired. In addition to the method which would indicate a deliberated, premeditated murder (cock the hammer, pull the trigger), it is equally likely that the gun could have fired by the exact method defendant claimed (hammer is back, finger on trigger, victim reaches and pulls gun toward him).

While I do not go so far as to conclude that the evidence was insufficient to establish premeditation and deliberation, I, nonetheless, urge the state to consider the

2

scant nature of the evidence on these essential elements on retrial.  See State v. West, 844 S.W.2d 144, 147 (Tenn. 1992); State v. Brown, 836 S.W.2d 530, 543 (Tenn. 1992).

As her second issue defendant alleges several incidents of prosecutorial misconduct.  The court determined that the issue was pretermitted.  I do not agree.  While I do not find it necessary to determine whether these incidents would require a reversal, I believe that we are obliged to address the issue, particularly in light of the seriousness.

Three of the specific errors alleged concern the prosecution's failure to produce evidence, including defendant's statement pursuant to Rule 16, Tennessee Rules of Criminal Procedure, witness Wanda Fitch's statement pursuant to Rule 26.2, Tennessee Rules of Criminal Procedure, and exculpatory information pursuant to Brady v. Maryland, 373 U.S. 83 (1963).  The fourth addresses the prosecutor's closing argument which suggested that defendant had conspired with her lover to murder her husband despite the absence of facts to support that conclusion.

The three discovery violations were serious.  Defendant was entitled to all of her "written and recorded statements" and "the substance of any oral statement which the state intended to offer in evidence." Tenn. R. Crim. P. 16.  The state's claim that discovery was not required since the statements were not a part of the "official report" is without merit.  Likewise, the claim that the statements were not discoverable because they were not in response to interrogation is incorrect.  Defendant should have been given these statements prior to trial.

3

Likewise, the statements of witness Wanda Fitch should have been produced, at least after her testimony. Tenn. R. Crim. P. 26.2(a). The state's claim that they did not have or were not aware of having the statements does not excuse the mandatory obligation imposed by Rule 26.2. Likewise, the fact that defendant may have access to a witness who has provided exculpatory information does not necessarily negate the obligatory <u>Brady</u> disclosure.

As to defendant's prosecutorial misconduct claim, we emphasize again for the benefit of the bar that it is unethical for counsel to make arguments that have no basis in fact. D.R. 7-102(a)(5), Tenn. Sup. Ct. R. 8. The court should disallow such conduct on the part of counsel, even absent objection. <u>See</u> <u>State v. Sutton</u>, 562 S.W.2d 820, 823-26 (Tenn. 1978).

The other issues raised by defendant do not merit consideration given the disposition of this appeal. For the reasons I have given I concur in the reversal of this conviction and the remand for a new trial which, at either party's option, may be before a different judge. Tenn. R.. Crim. P. 33(f).

_____
Penny J. White, Judge

4